Curia, per

Evans, .T.
The presiding judge reports that he charged the jury, “'that where the injury was slight and recent, and ordinarily attended by no dangerous results, and it was not supposed, at the time, that the value was in any way impaired permanently, in such case I thought the purchaser’s knowledge of the fact, did not exclude the implication of warranty.”
If there was error in this charge, then a new trial must be ordered. Since the decision of the case of Shoolbred vs. Timrod, 1 Bay, 324, a great many cases have arisen in our courts, in which there seems to have been an anxious desire to limit, rather than enlarge, the principle of that case. Porcher vs. Caldwell, 2 McM. 329. The reason by which that case was decided, seems to me to be, that where there is a latent disease from which loss has resulted, it should rather fall on him upon whom it would have fallen, had no sale been made. The negro had the infection of the small pox on him at the time of the sale, and its subsequent de-velopement was an inevitable consequence. But where the immediate cause of death was but a remote and contingent result, and not a necessary one, it may, I think, be well questioned whether the seller would be liable, on the principle of the case of Timrod vs. Shoolbred.
In that case, the disease of which the negro died was the inevitable result of the previous infection ; but in this case, lock-jaw is by no means a necessary, or even usual, *51 result of a puncture of a nail in the foot. As was said in the argument of the case of Hart vs. Edwards, 2 Bail. 307, who can undertake to say the negro, in this case, would have had lock-jaw if he had remained the property of the seller/? But this distinction is not necessary to the decision. of .this case; I have noticed it only because it seemed to be consistent with good sense, and as a fair induction from decided cases. In the case of Hart vs. Edwards, the court said the purchaser had notice of the disease, and the evidence shewed the negro died of the disease, or its incidents, and if he thought proper to purchase without warranty against its consequences, he was bound by it. In Williams vs. Vance, Dudley, 97, the purchaser was informed that the negro had been exposed to the infection of the measles; he afterwards died of “ secondary measles, (the sequation of measles proper”) and it was held that the rule, caveat' emptor, applied. In the case under consideration, the plaintiff was informed of the wound in the foot; he did not rely on what was said by the seller, that “he was not so lame as he had been,” but had him examined by a physician, whose opinion was, “that the wound was slight, and would soon heal, as there was a healthy suppuration.” The notice of the wound given by the seller, the examination of the physician, at the request of the buyer, and the subsequent taking a bill of sale without any warranty of soundness, all concur in the conclusion that there was no intention on the one side, or expectation on the other, that the seller was to warrant against the effect of the wound in the foot. The law never implies a warranty against the intention and understanding of the parties, and this intention may often be inferred from their conduct, as well as from express words to that effect. This case was said, in the argument, to' be like the case of Venning vs. Gantt, Cheves, 87. In that case, the purchaser was told that the negro had a shortness of breath, supposed to be occasioned by a fall from a horse a short time before, and the court says expressly, „and the decision is put upon the ground, “that the notice received that the negro had had a fall, to which his short breathing was ascribed, was scarcely a reasonable intimation that such short breathing might arise from some fatal malady, so as to put *52 Venning on his guard.” The negro died of a complication of diseased lungs and dropsy of long standing. In that case the question is stated, “could notice of an affection ascribed to an accidental cause, put_any but a very suspicious mind on its guard against chronic constitutional disease?” The same principle governed the case of Habersham vs. Rodrigues, where the seller refused to warrant, but assigned an untrue reason for it. In both these cases, the purchaser would have failed to recover, but that he had been deluded by the untrue reason assigned for the shortness of breathing in the one case, and the refusal to warrant in the other. In this case, there was no false suggestion calculated to mislead the plaintiff; on the contrary, the doctor said the defendant seemed to think less favorably of the wound than he did. I am satisfied the circumstances stated in the report, that the disease was recent, and not ordinarily attended by dangerous results, does not authorize our adding this to the exceptions to the general rule, that no implication of warranty arises where the purchaser knew of the disease from which the death or injury arose, and did not secure himself against its consequences, by an express warranty. The motion for a new trial is granted.
O’Neall, Butler and Wardlaw, JJ. concurred.